SCOTT A. HAGEN (4840)
MICHAEL E. BLUE (5258)
LIESEL B. STEVENS (10431)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
 Telephone:  (801) 532-1500
  Email:    shagen@rqn.com
              mblue@rqn.com
              lstevens@rqn.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TAMI STEPHENSON and ROBERT CZARNIK, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALL RESORT COACH, INC.,<br><br>Defendant. | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:12-cv-01097<br><br>Judge Ted Stewart |

Defendant All Resort Coach, Inc. ("All Resort" or "Defendant") hereby submits its Reply Memorandum in Support of its Motion for Partial Summary Judgment.

## INTRODUCTION

Plaintiffs' Memorandum in Opposition to All Resort's Motion for Partial Summary Judgment ("Opposition") confirms that there are no disputed issues of material fact with respect to Plaintiffs' claims for failure to pay overtime and tips in violation of the Fair Labor Standards

Act ("FLSA"), unjust enrichment, quantum meruit, or conversion.  Indeed, Plaintiffs have not produced or cited evidence to dispute any of All Resort's stated facts.

In response to All Resort's position that Plaintiffs are exempt from the FLSA's overtime regulations under the Motor Carrier Act ("MCA"), Plaintiffs argue that they "rarely" drove buses on interstate trips and, therefore, their involvement in interstate commerce was too *de minimis* to qualify them for the exemption.  However, the Supreme Court and the Tenth Circuit have clearly held that it is not the number of interstate trips that matters; instead, it is the *nature* of Plaintiffs' activities that determines whether they are subject to the jurisdiction of the Secretary of Transportation.  The law is clear that drivers who transport passengers or goods on public highways for a motor carrier who engages in interstate commerce are exempt, even if they drive *zero* interstate trips, so long as they are *subject to assignment* to interstate travel.  Because it is undisputed that Plaintiffs were at all times subject to interstate travel assignments, and they in fact did drive interstate trips, they were clearly exempt under the MCA.

Plaintiffs' Opposition also confirms that the sole basis for their claim that All Resort improperly withheld their tips in violation of the FLSA is the new regulation issued by the U.S. Department of Labor, 29 C.F.R. § 531.52.  Plaintiffs failed to respond to All Resort's argument that this regulation should be invalidated by this Court pursuant to a *Chevron* analysis. Furthermore, after All Resort filed its motion, the U.S. District Court for the District of Oregon issued an opinion and order *invalidating* the DOL regulation at issue under *Chevron*.  As explained fully below, the Oregon court held that the FLSA does not impose any conditions on an employer's right to keep tips where the employer does not take a tip credit to meet its

ii

minimum wage obligations.  Because it is undisputed that All Resort does not take a tip credit,

Plaintiffs' FLSA claim based on All Resort's retention of tips is unfounded as a matter of law.

Plaintiffs' common law claims are also based on the DOL regulation and their contention

that All Resort's retention of tips was unlawful under the FLSA.  These claims fail because they

are preempted by the FLSA and because Plaintiffs cannot establish required elements of the

purported claims.

Finally, the Opposition also purports to contain a "Reply to Defendants' Opposition to

Motion to Proceed as a Collective Action and to Facilitate Notice."  However, the Opposition

does not address any of the arguments made by All Resort in opposition to Plaintiffs' motion,

nor does it even mention that motion.  Most notably, Plaintiffs did not respond to All Resort's

contention that Plaintiffs failed to make any showing that they or any potential plaintiffs were

"victims" of All Resort's alleged failure to pay them minimum wages in violation of the FLSA.

The undisputed material facts demonstrate that five of Plaintiffs' claims are

fundamentally flawed.  Summary judgment is therefore warranted with respect to those claims

and Plaintiffs should not be permitted to pursue a collective action on behalf of similarly situated

plaintiffs.

**RESPONSE TO PLAINTIFFS' STATEMENT OF "ADDITIONAL MATERIAL FACTS"**

All Resort hereby responds to the five additional "material facts" identified by Plaintiffs

in their Opposition.

> **Plaintiffs' Fact 1**:  When Stephenson and Czarnik began working for
> ARC, ARC did not charge their customers any "service fee."  During this
> time, ARC's customer manifests contained a line for "tips" and ARC's
> drivers were allowed to retain 100% of the Non-Cash Tips.  Subsequently,
> ARC unilaterally changed the line for "tips" on the manifests to "service
> fee" and began retaining 20-25% of the Non-Cash Tips.  *See* Second

Declaration of Tami Stephenson at ¶ 8-9; Second Declaration of Robert
Czarnik at ¶ 8-9.  ARC informed drivers that this change was made, and
the Non-Cash Tips were retained, to pay credit card processing fees.
However, ARC did not provide the drivers with any evidence that any
credit card processor was charging a 20-25% fee.  *See* Second Declaration
of Tami Stephenson at ¶ 9; Second Declaration of Robert Czarnik at ¶ 9.

**All Resort's Response**:  Undisputed for purposes of this motion.  This factual assertion

actually repeats information provided by All Resort's Fact No. 15 ("For each service fee

received from the customer, Lewis Stages pays the driver 75% or 80% of the service fee and

retains 20% or 25%.").  Plaintiffs responded to that fact by arguing that it was irrelevant.

**Plaintiffs' Fact 2:**  When the passengers pay drivers Cash Tips, ARC
allowed the plaintiffs to keep all of them.  *See* Second Declaration of Tami
Stephenson at ¶7; Second Declaration of Robert Czarnik at ¶ 7.

**All Resort's Response**:  Undisputed for purposes of this motion.  This fact is the same as

All Resort's Fact No. 17.

**Plaintiffs' Fact 3**:  Although some ARC drivers made occasional trips out of
state, most drivers drove primarily within Utah.  The drivers who did travel out of
state did so very rarely.  *See* Second Declaration of Tami Stephenson at ¶¶ 5-6;
Second Declaration of Robert Czarnik at ¶¶ 5-6.

**All Resort's Response**:  The driver logs evidencing the number of out-of-state trips

driven by Plaintiffs are attached to All Resort's motion and are undisputed.[1]  Stephenson's

interstate trips constituted 2.9% of her total trips; Czarnik's interstate trips constituted 4% of his

total trips.[2]

Plaintiffs do not cite any evidence in the record to support their assertion that "most

drivers drove primarily within Utah" and that drivers (other than Plaintiffs) traveled out of state

"very rarely."

---

[1] *See* Exhibits A and B to the Declaration of Taylor Ferrin, Ex. 1 to Defendant's Motion.
[2] *Id.*

iv

**Plaintiffs' Fact 4:**  During the times relevant to this lawsuit, ARC did not have any tip pooling arrangement with plaintiffs.  *See* Second Declaration of Tami Stephenson at ¶ 12-13; Second Declaration of Robert Czarnik ¶ 12-13.

**All Resort's Response**:  Undisputed for purposes of this motion.

**Plaintiffs' Fact 5:**  ARC did not advise plaintiffs of any tip pooling arrangement.  *See* Second Declaration of Tami Stephenson at ¶ 13; Second Declaration of Robert Czarnik at ¶ 13.

**All Resort's Response**:  Undisputed for purposes of this motion.

**ARGUMENT**

**I.    PLAINTIFF'S OPPOSITION DOES NOT DISAGREE WITH DEFENDANT'S STATED ELEMENTS OR DISPUTE DEFENDANT'S STATED FACTS.**

Pursuant to DUCivR 56-1(c), a memorandum in opposition to summary judgment must include: a concise response to each legal element stated by the moving party and if the party disagrees with the stated element, a statement of what the party believes is the correct element and citation to supporting legal authority; and a response of either "undisputed" or "disputed" to each stated material fact and for each fact that is undisputed, citation to evidence that disputes the fact (without legal argument).  The rule also provides:

> all material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the movant's statement of facts will be deemed admitted unless specifically controverted by the statement of the opposing party identifying and citing to all material facts of record . . .[3]

Plaintiffs' Opposition does not comply with DUCivR 56-1.  First, Plaintiffs did not respond whatsoever to All Resort's Statement of Elements.  Second, Plaintiffs did not identify any dispute with the majority of All Resort's stated facts and instead argued that the facts were not relevant, which is improper.[4]  To all of the remaining facts, Plaintiffs responded by saying they did not dispute them.[5]  As a result, all of All Resort's stated facts are expressly or impliedly admitted.

Finally, Plaintiffs' stated "additional material facts" do not create a triable issue of fact to defeat summary judgment.  All Resort does not dispute any of these facts.  In fact, Plaintiffs' Additional Fact Nos. 1 and 2 are essentially the same as All Resort's Fact Nos. 15 and 17.  As for Plaintiffs' Fact No. 3, the actual driver logs show the number of interstate trips taken by

---

[3] DUCivR 56-1(c)(iii).
[4] See Plaintiffs' Responses to Fact Nos. 5-16, 19-20; DUCivR 56-1(c).
[5] See Plaintiffs' Responses to Fact Nos. 1-4, 17-18.

Plaintiffs.  It is undisputed that the majority of Plaintiffs' trips were in the State of Utah.

Plaintiffs' Fact Nos. 4-5 state that All Resort did not have a tip-pooling arrangement with

Plaintiffs.  This too is undisputed and All Resort has never claimed to have a tip-pooling

arrangement.

## II.    THE UNDISPUTED FACTS ESTABLISH THAT PLAINTIFFS ARE EXEMPT FROM OVERTIME REQUIREMENTS.

As set forth in All Resort's motion, the Motor Carrier Act ("MCA") exemption applies

where the employee: (1) is employed by a motor carrier; (2) drives vehicles weighing at least

10,001 pounds or that can transport at least eight passengers; and (3) moves goods or passengers

in interstate commerce or is subject to interstate assignment.[6]  In their opposition, Plaintiffs do

not dispute that the first two requirements are met in this case.[7]  As for the third requirement,

Plaintiffs contend that they "rarely" drove out of state and, therefore, their involvement in

interstate commerce was *de minimis*.  This argument fails for a number of reasons.

At the outset, Plaintiffs have incorrectly calculated the percentage of interstate trips

driven by Stephenson.  Specifically, the opposition memorandum states that Stephenson drove

139 trips in 2011, only 1 of which involved interstate travel, amounting to 0.71%.[8]  In fact, the

driver logs attached to All Resort's motion show that Stephenson drove 5 interstate trips in 2011,

or 3.6% of total trips.[9]

---

[6] 29 U.S.C. § 213(b)(1); 49 U.S.C. §§ 13102(14) and 31132(1); *Foxworthy v. Hiland Dairy Co.,* 997 F.2d 670, 672 (10th Cir. 1993) (citing 49 U.S.C. §§ 31502, 10521; and *United States v. American Trucking Ass'ns,* 310 U.S. 534, 553 (1940); *see also* 29 C.F.R. § 782.2.
[7] *See* Plaintiffs' responses to Fact Nos. 1 and 4.
[8] *See* Plaintiffs' Opposition, p. 12.
[9] *See* Ex. B to Ferrin Dec., attached as Ex. 1 to All Resort's Motion and All Resort's Fact No. 11. Plaintiffs also incorrectly state that Stephenson drove only 1 interstate trip in 2009, while the driver logs show that she drove 4 interstate trips that year.  (*See* Fact No. 11.)  Next, Plaintiffs incorrectly state that Stephenson drove only 2 interstate trips in 2010, while the driver logs show that she drove 3 interstate trips that year.  (*Id.*)  Based on these erroneous calculations, Plaintiffs state that during the three years

2

Plaintiffs did not produce any evidence to dispute All Resort's records of their interstate trips. Moreover, Plaintiffs did not provide any calculations regarding the percentage of interstate trips taken by Plaintiff Czarnik or any other evidence to show that his interstate activity was *de minimis.*[10] Czarnik's self-serving declaration testimony that he "rarely drove out of state" is insufficient to create a triable issue of fact, particularly when the driver logs that show his exact number of interstate trips are in the record.[11]

More importantly, it is not the number of interstate bus trips driven by Plaintiffs that matters. Instead, it is the *character* of Plaintiff's activities that determines application of the MCA exemption. Specifically, the exemption applies where the drivers "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act."[12] In *Morris v. McComb,* the U.S. Supreme Court held that drivers employed by a "common carrier for hire in the local transportation of property by motor vehicle" were exempt even though *only three to four percent of their time* was devoted to services in interstate commerce.[13] As the court explained in *Starrett v. Bruce*: "As a practical matter it is not

---

Stephenson worked for ARC her interstate trips accounted for 0.98% of her total trips. In fact, her interstate travel accounted for 2.9% of her total trips.

[10] Based on the driver logs submitted by All Resort, Czarnik drove 18 interstate trips out of a total of 440 trips, which equates to 4%. *See* Ex. A to Ferrin Dec., Ex 1 to All Resort's Motion.

[11] *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("Conclusory and self-serving affidavits are not sufficient" to establish the existence of a disputed material fact and defeat a motion for summary judgment).

[12] 29 C.F.R. § 782.2(a); *see also Morris v. McComb*, 332 U.S. 422, 135-36 (1947) (it is the "character of the activities rather than the proportion of either the employee's time or of his activities that determines" whether the Department of Transportation has jurisdiction over the driver); and *Songer v. Dillon Resources, Inc.*, 618 F.3d 467 (5th Cir. 2010) (held that the "character" of plaintiff truck drivers' activities "directly affected motor vehicle safety 'in the transport of property in interstate commerce'") (citing 29 C.F.R. § 782.2(a)(2)).

[13] *Morris*, 332 U.S. at 135-36.

the amount of time an employee spends in work affecting safety, rather it is what he may do in the time thus spent, whether it be large or small, that determines the effect on safety."[14]

The courts and DOL recognize the following *de minimis* exception to the MCA exemption: "where the continuing duties of the employee's job have no substantial direct effect on such safety of operations or where such safety-affecting activities are so trivial, casual and insignificant as to be de minimis, the exemption will not apply to him . . ."[15] Thus, the focus of the *de minimis* exception is on the nature of the driver's safety-affecting activities in interstate commerce, not on the actual number of interstate trips taken by the driver.

In both of the cases cited by Plaintiffs for the proposition that employees are not exempt if their involvement in interstate commerce is *de minimis*, i.e., *Coleman v. Jiffy June Farms*[16] and *Kimball v. Goodyear*[17], the drivers' interstate activity was "minimal in its scope and minimal in its nature." Unlike the plaintiffs in this case, the drivers at issue in *Coleman* and *Kimball* did not primarily engage in activities "directly affecting the safety of operation of vehicles on public highways."[18] Instead, the interstate nature of their driving and loading activities was incidental to the primary focus of the employer's business, which was poultry processing (all done in Alabama) in *Coleman* and a synthetic rubber plant (operated in Texas) in *Kimball*. In *Kimball*,

---

[14] *Starrett v. Bruce*, 391 F.2d 320, 323 (10th Cir. 1968) (drivers were exempt under the MCA because employer held itself out as available for interstate business, solicited interstate business, and if there had been any interstate trips, they would have been shared by all drivers; "[t]here can be no doubt that this activity would have affected the safety of operation in interstate commerce").

[15] 29 C.F.R. 782.2(b)(3) (citing *Pyramid Motor Freight Corp v. Ispass*, 330 U.S. 695 (1947)).

[16] *Coleman v. Jiffy June Farms, Inc.*, 324 F. Supp. 664, 670 (S.D. Ala. 1970).

[17] *Kimball v. Goodyear*, 504 F. Supp. 544 (E.D.Tex. 1980).

[18]*Shoemaker v. United Parcel Service*, No. 1:10-CV-185-CWD, 2011 U.S. Dist. LEXIS 24000, *28  (D. Idaho Feb. 10, 2011) (held that drivers were exempt under the MCA where, unlike the employers in *Coleman* and *Kimball*, UPS's business was devoted to interstate commerce).

the plaintiffs' interstate delivery trips accounted for 0.004% per employee.[19]  In *Coleman*, each

driver spent 0.0034% of his time in interstate commerce.[20]

The Plaintiffs in this case, on the other hand, were employed as drivers for a motor carrier

whose sole business is the transportation of passengers in multiple states.  Plaintiffs have not

provided any evidence to indicate that their safety-affecting activities were "so trivial, casual and

insignificant as to be de minimis."  As the First Circuit held in *Crooker v. Sexton Motors*, "[t]he

activities of one who drives in interstate commerce, however frequently or infrequently, are not

trivial.  Such activities directly affect the safety of motor vehicle operations.  We are not in

agreement with the contrary views expressed in . . .*Coleman*."[21]

Importantly, Plaintiffs have not cited any evidence to dispute the fact that they were at all

times subject to assignment to interstate trips, regardless of how often they drove such trips.[22]  In

*Starrett v. Bruce*, the Tenth Circuit held that the plaintiff truck driver was exempt from the FLSA

under the MCA because he was subject to assignment on interstate trips if the employer had been

successful in obtaining interstate shipments, even though the plaintiff never in fact handled an

interstate trip.[23]  Likewise, in a case cited by Plaintiffs, *Reich v. American Driver Service, Inc.*,

the court stated: "If jurisdiction is claimed over a driver who has not driven in interstate

commerce, evidence must be presented that the carrier has engaged in interstate commerce and

---

[19] *Kimball*, 504 F. Supp. at 547.
[20] *Coleman,* 324 F. Supp. at 669.
[21] *Crooker v. Sexton Motors*, 469 F.2d 206, 210 (1st Cir. 1972).
[22] *See* Plaintiffs' Response to Fact No. 7.
[23] *Starrett v. Bruce*, 391 F.2d 320, 323 (10th Cir. 1968); *see also Songer*, 618 F.3d at 476 (drivers held exempt because evidence established they "could have been called upon to drive in interstate commerce during their employment," even though some of them did not in fact drive any interstate routes).

that the driver could reasonably have been expected to make one of the carrier's interstate runs."[24]

It is undisputed that Lewis Stages' primary business is the transportation of passengers on public highways in Utah and other Western states.[25]  Interstate trips are a natural and basic part of the services provided by Lewis Stages and its drivers.  Moreover, there is no dispute that Plaintiffs were at all times subject to assignment on interstate trips and that they in fact drove interstate trips.[26]  Finally, Plaintiffs do not dispute that they were required to comply with federal motor carrier safety regulations.[27]  Thus, Plaintiffs were clearly engaged in safety-affecting activities of an interstate nature on a basis that was more than *de minimis*.  Accordingly, as a matter of law, they were exempt from FLSA overtime regulations under the MCA.

## III.   PLAINTIFFS HAVE NOT ESTABLISHED THAT THEY HAVE A RIGHT TO ALL TIPS UNDER THE FLSA.

Plaintiffs have mischaracterized All Resort's motion for summary judgment with respect to their claim for tips.  Contrary to Plaintiffs' representation, All Resort's motion did not argue that the tips were actually "service fees."  Instead, All Resort's motion specifically "accepted as true Plaintiffs' allegations that the customer payments in question were 'tips.'"[28]  All Resort reserves its defense that the so-called "non-cash tips" are in fact service charges within the

---

[24] *Reich v. American Driver Service, Inc.,* 33 F.3d 1153, 1156 (9th Cir. 1994); *see also* 29 C.F.R. 782.2(a)(3): "As a general rule, if the bona fide duties of the job performed by the employee are in fact such that he is . . . called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities of the character described in paragraph (b)(2) of this section, he comes within the exemption in all workweeks when he is employed at such job. . . . [*T*]*he rule applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting 'safety of operation.'*" (Emphasis added.)
[25] *See* Plaintiffs' Responses to Fact Nos. 1 and 6.
[26] *See* Plaintiffs' Responses to Fact Nos. 7, 9 and 11.
[27] *See* Plaintiffs' Response to Fact No. 5.
[28] *See* All Resort's Motion, n. 50.

meaning of the FLSA, but All Resort's motion for partial summary judgment is not based on this argument.

Instead, All Resort's argument in favor of summary judgment is that the FLSA does not prohibit an employer from claiming a tip as its own revenue where no tip credit is taken by the employer. The entire basis for Plaintiffs' argument that they are entitled to tips is the DOL regulation cited in their Complaint, 29 C.F.R. § 531.52. In its motion, All Resort argued that this regulation should be invalidated under a *Chevron* analysis on the grounds that it exceeded the DOL's authority.[29] Plaintiffs completely ignore this argument in their Opposition. Instead, Plaintiffs merely repeat the text of the regulation and argue that the DOL's position is "crystal clear."[30]

A new case greatly strengthens All Resort's argument. After All Resort filed its motion, the U.S. District Court in Oregon issued an opinion and order dated June 7, 2013 invalidating 29 C.F.R. § 531.52 under *Chevron*.[31] Following step one of *Chevron*, the court asked whether Congress had "specifically spoken to the precise question at issue," i.e., whether employees have a right to keep tips where the employer does not take a tip credit.[32] The Oregon court agreed with the Ninth Circuit's opinion in *Cumbie v. Woody Woo* and held that the text of Section 3(m) of the FLSA is "clear and unambiguous": "It imposes conditions on employers that take a tip credit but does not impose a freestanding requirement pertaining to all tipped employees."[33] Moreover, the court explained, "[i]f Congress wanted to articulate a general principle that tips

---

[29] All Resort's Motion for Partial Summary Judgment, pp. 5-8, citing *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984).
[30] Opposition, p. 15.
[31] *Oregon Restaurant and Lodging v. Solis*, No. 3:12-cv-01261-MO, 2013 U.S. Dist. LEXIS 80396 (D. Or. June 7, 2013). A copy of this opinion is attached hereto as Exhibit A.
[32] *Oregon,* 2013 U.S. Dist. LEXIS 80396, * 14.
[33] *Id.*, *18; *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577 (9th Cir. 2010).

are the property of the employee absent a 'valid' tip pool, it could have done so without reference to the tip credit."[34]

The Oregon court also found that the FLSA's purpose did not encompass a limitation on an employer's use of tips where no tip credit is taken.[35]  The court stated:

> The new regulations do not protect covered workers from substandard wages or oppressive working hours, nor do they vindicate any of the FLSA's specific statutory protections.  In light of the Supreme Court's holding that an employment practice does not violate the FLSA unless the FLSA actually prohibits it, . . . I presume that Congress intended not to add a new statutory protection guaranteeing a tipped employee who receives the full minimum wage the additional right to retain all tips, except where she participates in a "valid" tip pool.[36]

Accordingly, the court concluded that the DOL regulation is invalid under step one of *Chevron*.[37]

Plaintiffs' repeated argument that All Resort did not have a tip pooling arrangement misses the point.  *If* All Resort took a tip credit, which it does not, it would be required to leave all tips to the employees, *except* in the case of a valid tip pool where tips would be shared by a group of employees.  It is undisputed that All Resort did not take a tip credit and it has never claimed to have distributed tips pursuant to a tip pool.

In their declarations in opposition to All Resort's motion, Plaintiffs explained that they were told by All Resort managers at various meetings that All Resort retained 20-25% of their tips.[38]  Thereafter, Plaintiffs continued to work for All Resort.  Even assuming the truth of Plaintiffs' allegations that All Resort changed its policy from providing all tips to employees to

---

[34] *Id.*, citing *Woody Woo*, 596 F.3d at 581.
[35] *Id.*, *19-20 (citing *Christensen v. Harris Cnty.*, 529 U.S. 576, 588 (2000)).
[36] *Id.*, *20-21.
[37] *Id.*, *24.
[38] Stephenson Decl., ¶ 9; Czarnik Decl., ¶ 9.

retaining all or a portion of those tips, Plaintiffs' continued employment constitutes their acceptance of this change.[39]

Again, the sole basis for Plaintiffs' tip claim is the DOL regulation, 29 C.F.R. § 531.2. All Resort respectfully submits that this Court should follow the federal court in Oregon and rule that this regulation is invalid.

## IV.  PLAINTIFFS' COMMON LAW CLAIMS ARE UNFOUNDED AS A MATTER OF LAW.

In support of their claims for conversion and unjust enrichment/quantum meruit, Plaintiffs contend that All Resort cannot both argue that Plaintiffs are exempt from the FLSA's overtime requirements and that the common law claims are preempted by the FLSA.  This argument makes little sense, especially because Plaintiffs' common law claims are not based on an entitlement to overtime allegedly owed under the FLSA and All Resort did not argue that they were preempted on that basis.

Instead, Plaintiffs' common law claims are based solely on their alleged entitlement to all tips under the FLSA.  They have not alleged any contractual, statutory, or common law basis for their purported ownership of tips, other than the FLSA.  Therefore, if All Resort prevails on its argument that the FLSA does not prohibit it from withholding tips, there is no legal basis left to support Plaintiffs' common law claims.  On the other hand, if Plaintiffs prevail in showing that All Resort's retention of tips is unlawful under the FLSA, the common law claims are preempted

---

[39] *See Johnson v. Morton Thiokol, Inc.*, 818 P.2d 997, 1002 (Utah 1991) ("where an at-will employee retains employment with knowledge of new or changed conditions, the new or changed conditions become a contractual obligation").

because they are based on the same facts and circumstances as the FLSA tip claim.[40]  Under either outcome, Plaintiffs' common law claims fail as a matter of law.

Moreover, Plaintiffs did not respond whatsoever to the other grounds for summary judgment asserted by All Resort with respect to these claims.  Those other grounds included Plaintiffs' failure to specifically identify an amount of money that was allegedly converted or identify any legal right to the tips making it inequitable for All Resort to retain them.[41]  For all of these reasons, Plaintiffs' common law claims are unfounded and should be dismissed.

## CONCLUSION

For all of the foregoing reasons, Defendant All Resort respectfully requests that this Court grant its Motion for Partial Summary Judgment.

DATED this 26th day of June, 2013.

RAY QUINNEY & NEBEKER P.C.


/s/ Liesel B. Stevens
Scott A. Hagen
Michael E. Blue
Liesel B. Stevens

*Attorneys for Defendant*

---

[40] *Johnston v. Davis Security, Inc.*, 217 F. Supp. 2d 1224, 1227-28 (D. Utah 2002) (court dismissed plaintiff's common law claims, including for conversion and unjust enrichment, because they were based "on the same facts and circumstances as her FLSA claims").
[41] All Resort's Motion, pp. 11-13.

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2013, I electronically filed the foregoing

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL**

**SUMMARY JUDGMENT** with the clerk of court using the CM/ECF system which sent

notification of such filing to the following:

    WRONA LAW FIRM, P.C.
    Joseph Wrona
    Jarom B. Bangerter
    1745 Sidewinder Drive
    Park City, Utah  84060
    wrona@wronalawfirm.com
    bangerter@wronalawfirm.com

    /s/ Marci Meyers

1237955